**Case No. 26-30236**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

Megan Estay, individually and as a representative of a class of participants and beneficiaries on behalf of the Ochsner Clinic Foundation 401(K) Plan; Francesca Messore, individually and as a representative of a class of participants and beneficiaries on behalf of the Ochsner Clinic Foundation 401(K) Plan,
*Plaintiffs-Appellants,*

v.

Ochsner Clinic Foundation; Retirement Benefits Committee; Unidentified Parties,
*Defendants-Appellees,*

---

On Appeal from the United States District Court for the Eastern District of Louisiana, Civil Action No. 2:25-CV-507
The Honorable Jane Triche Milazzo, United States District Judge

---

# BRIEF OF APPELLEES, THE OCHSNER CLINIC FOUNDATION AND RETIREMENT BENEFITS COMMITTEE

---

René E. Thorne
Stacey C.S. Cerrone
Adam R. Carlisle
**JACKSON LEWIS P.C.**
601 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759
René.Thorne@jacksonlewis.com
Stacey.Cerrone@jacksonlewis.com
Adam.Carlisle@jacksonlewis.com

***Counsel for Defendants-Appellees***

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Cir. R. 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| **Appellees:** | **Appellees' Counsel:** |
|---|---|
| Ochsner Clinic Foundation | Adam Carlisle, Stacey Cerrone, René Thorne of Jackson Lewis, P.C., New Orleans, LA |
| Ochsner Retirement Benefits Committee | Adam Carlisle, Stacey Cerrone, René Thorne of Jackson Lewis, P.C., New Orleans, LA |
| Bobby Brannon, Ochsner Retirement Benefits Committee Member | Adam Carlisle, Stacey Cerrone, René Thorne of Jackson Lewis, P.C., New Orleans, LA |
| Stanton Shuler, Ochsner Retirement Benefits Committee Member | Adam Carlisle, Stacey Cerrone, René Thorne of Jackson Lewis, P.C., New Orleans, LA |
| Tracey Schiro, Ochsner Retirement Benefits Committee Member | Adam Carlisle, Stacey Cerrone, René Thorne of Jackson Lewis, P.C., New Orleans, LA |
| Shelley Sullivan Tynan, Ochsner Retirement Benefits Committee Member | Adam Carlisle, Stacey Cerrone, René Thorne of Jackson Lewis, P.C., New Orleans, LA |
| Frank Bocklud, Ochsner Retirement Benefits Committee Member | Adam Carlisle, Stacey Cerrone, René Thorne of Jackson Lewis, P.C., New Orleans, LA |
| Vickie Pettee, Ochsner Retirement Benefits Committee Member | Adam Carlisle, Stacey Cerrone, René Thorne of Jackson Lewis, P.C., New Orleans, LA |
| Mike Moreman, Ochsner Retirement Benefits Committee Member | Adam Carlisle, Stacey Cerrone, René Thorne of Jackson Lewis, P.C., New Orleans, LA |

| | |
|---|---|
| Scott Posecai, Ochsner Retirement Benefits Committee Member | Adam Carlisle, Stacey Cerrone, René Thorne of Jackson Lewis, P.C., New Orleans, LA |
| Pete November, Ochsner Retirement Benefits Committee Member | Adam Carlisle, Stacey Cerrone, René Thorne of Jackson Lewis, P.C., New Orleans, LA |
| **Appellants:** | **Appellants' Counsel:** |
| Megan Estay | Charles Stiegler of Stiegler Law Firm, L.L.C., New Orleans, LA; Tulio Chirinos of Chirinos Law Firm, P.L.L.C., Boca Raton, FL |
| Francesca Messore | Charles Stiegler of Stiegler Law Firm, L.L.C., New Orleans, LA; Tulio Chirinos of Chirinos Law Firm, P.L.L.C., Boca Raton, FL |

*/s/ René E. Thorne*
René E. Thorne
Attorney of Record for Defendants-Appellees

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to 5th Cir. R. 28.2.3, Appellees respectfully submit that oral argument is unnecessary. The issues are fully briefed, the district court's well-reasoned opinion correctly applied settled law, and the overwhelming majority of courts to consider this issue have reached the same conclusion. If the Court grants oral argument, Appellees welcome the opportunity to address the Court's questions.

# TABLE OF CONTENTS


JURISDICTIONAL STATEMENT ....................................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ......................................1

STATEMENT OF THE CASE...............................................................................2

I. THE OCHSNER CLINIC FOUNDATION 401(K) PLAN. ...........................2

II. APPELLANTS' FORFEITURE CLAIMS AND THE DISTRICT COURTS' DISMISSALS. ...................................................................................................4

STANDARD OF REVIEW ...................................................................................6

SUMMARY OF THE ARGUMENT .....................................................................7

ARGUMENT ........................................................................................................9

I. THE PLAN'S TERMS DEFEAT APPELLANTS' FORFEITURE THEORY. 9

A. The District Court Correctly Held Appellants Mischaracterize Ochsner's Discretionary Contributions as Fixed Obligations............................................10

B. The Plan Authorizes Both Uses of Forfeitures.........................................13

II. THE AMENDED COMPLAINT DOES NOT PLAUSIBLY ALLEGE THAT OCHSNER AND THE RBC BREACHED THEIR DUTIES OF LOYALTY OR PRUDENCE. ..............................................................................................15

A. The Fiduciaries' Allocation Decision Does Not Support a Plausible Inference of Disloyalty. ...............................................................................15

B. The Amended Complaint Does Not Plausibly Allege an Imprudent Decision-Making Process. ...........................................................................17

III. THE WEIGHT OF AUTHORITY SUPPORTS AFFIRMANCE. ................22

A. Courts Dismissing Similar Claims Have Applied Consistent Reasoning Applicable Here. ..........................................................................................22

B. Appellants' Authorities Do Not Support Reversal. .................................25

IV. DECADES OF FEDERAL GUIDANCE PERMITTING FORFEITURES TO FUND EMPLOYER CONTRIBUTIONS UNDERCUT APPELLANTS' THEORY. .........................................................................................................29

A. Federal Tax Law Has Long Permitted Forfeitures to Fund Employer Contributions. ..............................................................................................29

B. The DOL Agrees That Choosing to Fund Employer Contributions with Plan Forfeitures Does Not Establish Disloyalty or Imprudence.......................31

V. APPELLANTS DO NOT PLAUSIBLY ALLEGE A LOSS TO THE PLAN UNDER § 502(a)(2). ..........................................................................................32

VI. THE COURT SHOULD ALSO AFFIRM DISMISSAL OF APPELLANTS' DERIVATIVE MONITORING CLAIM..................................34

CONCLUSION ..........................................................................................................34

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armenta v. WillScot Mobile Mini Holdings Corp.*, No. 2:25-cv-407-MTL, 2025 U.S. Dist. LEXIS 179897 (D. Ariz. Sept. 15, 2025)..........15, 23, 31

*Armenta v. WillScot Mobile Mini Holdings Corp.*, No. CV-25-407-PHX-MTL, 2026 U.S. Dist. LEXIS 67099 (D. Ariz. Mar. 30, 2026) ....................14, 22, 23

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....................7

*Barragan v. Honeywell Int'l Inc.*, No. 25-2609 (3d Cir. Jan. 30, 2026) ..........31, 32

*Barragan v. Honeywell Int'l*, No. 24-cv-4529 (EP) (JRA), 2024 U.S. Dist. LEXIS 230056 (D.N.J. Dec. 19, 2024)....................24

*Barragan v. Honeywell Int'l*, No. 24-cv-4529 (EP) (JRA), 2025 U.S. Dist. LEXIS 159986 (D.N.J. Aug. 18, 2025) ....................23

*Becerra v. Bank of Am. Corp.*, No. 3:24-cv-921-MOC-DCK, 2025 U.S. Dist. LEXIS 157154 (W.D.N.C. Aug. 12, 2025) ....................26

*Beroset v. Duke Univ.*, No. 1:25-cv-919, 2026 U.S. Dist. LEXIS 58140 (M.D.N.C. Mar. 16, 2026)....................19, 23

*Bozzini v. Ferguson Enters. LLC*, No. 22-cv-5667-AMO, 2025 U.S. Dist. LEXIS 102524 (N.D. Cal. May 29, 2025)....................24

*Brewer v. Alliance Coal, LLC*, No. 24-CV-406, 2025 U.S. Dist. LEXIS 254245 (N.D. Okla. Dec. 9, 2025) ....................23

*Brown v. Peco Foods, Inc.*, No. 3:25-cv-491-TSL-RPM, 2025 U.S. Dist. LEXIS 228085 (S.D. Miss. Nov. 14, 2025)....................22, 23

*Buescher v. N. Am. Lighting, Inc.*, 791 F. Supp. 3d 873 (C.D. Ill. 2025) ....................25

*Bussian v. RJR Nabisco, Inc.*, 223 F.3d 286 (5th Cir. 2000)..................5, 19, 27, 28

*Cain v. Siemens Corp.*, No. 24-8730, 2025 U.S. Dist. LEXIS 147011 (D.N.J. July 31, 2025) ....................22, 24, 31, 32

*Cain v. Siemens Corp.*, No. 25-2564 (3d Cir. Jan. 23, 2026) ....................31, 32

*Cano v. The Home Depot, Inc.*, No. 1:24-cv-3793-TRJ, 2025 U.S. Dist. LEXIS 176101 (N.D. Ga. Aug. 26, 2025) ....................16, 23, 30

*Clark v. Centene Corp.*, No. 25-cv-9743-RFL, 2026 U.S. Dist. LEXIS 158365 (N.D. Cal. July 16, 2026) ....................20, 21, 22, 23

*Cunningham v. Cornell Univ.*, 604 U.S. 693 (2025) ....................7

*Curtis v. Amazon.com Servs., LLC*, No. C24-2164RSM, 2026 U.S. Dist. LEXIS 9156 (W.D. Wash. Jan. 16, 2026) ....................23

*Dean v. Huntington Ingalls Industries, Inc.*, No. 4:25-cv-124-AWA-DEM, ECF No. 45 (E.D. Va. Sept. 21, 2026) ....................22, 23

*Del Bosque v. Coca-Cola SW. Bevs. LLC*, No. 3:25-CV-1270-X, 2025 U.S. Dist. LEXIS 223294 (N.D. Tex. Nov. 13, 2025) ....................16, 21, 23

*Dimou v. Thermo Fisher Sci. Inc.*, No. 23-cv-1732, 2025 U.S. Dist. LEXIS 178980 (S.D. Cal. Sept. 9, 2025)....................21, 23, 30

*Dimou v. Thermo Fisher Sci. Inc.*, No. 23-CV-1732 TWR (JLB), 2024 U.S. Dist. LEXIS 188394 (S.D. Cal. Sept. 19, 2024)....................24

*Donelson v. Meijer, Inc.*, No. 1:25-cv-1156, 2025 U.S. Dist. LEXIS 266642 (W.D. Mich. Dec. 29, 2025) ....................14, 22, 23, 31

*Enstrom v. SAS Inst. Inc.*, No. 5:24-CV-105-D, 2026 U.S. Dist. LEXIS 35036 (E.D.N.C. Feb. 12, 2026) ....................23

*Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409 (2014) ....................7

*Foley v. Legacy Health*, No. 3:25-cv-1041-AN, 2026 U.S Dist. LEXIS 223596 (D. Ore. Sept. 30, 2026)....................*passim*

*Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800 (5th Cir. 1997)....................33

*Fumich v. Novo Nordisk Inc.*, No. 24-9158 (ZNQ) (JBD), 2025 U.S. Dist. LEXIS 160501 (D.N.J. Aug. 19, 2025) ....................23

*Gaetano v. MVHS, Inc.*, No. 6:25-cv-118, 2026 U.S. Dist. LEXIS 65524 (N.D.N.Y. Mar. 27, 2026) ....................*passim*

*Gardner-Keegan v. W.W. Grainger, Inc.*, No. 1:25-cv-5233, 2026 U.S. Dist. LEXIS 13772 (N.D. Ill. Jan. 26, 2026)....................26

*Garner v. Northrop Grumman Corp.*, No. 1:25-cv-439, 2025 U.S. Dist. LEXIS 251611 (E.D. Va. Dec. 4, 2025) ....................22, 23

*Heet v. Nat'l Med. Care, Inc.*, 819 F. Supp. 3d 63 (D. Mass. 2026) ....................26

*Hendrickson v. Elevance Health Inc.*, No. 1:25-cv-1002-SEB-MG, 2026 U.S. Dist. LEXIS 166948 (S.D. Ind. July 28, 2026) ....................15, 20, 21, 23

*Hernandez v. AT&T Servs., Inc.*, No. 2:25-cv-676-ODW, 2025 U.S. Dist. LEXIS 225867 (C.D. Cal. Nov. 14, 2025)....................21, 23, 31

*Hughes v. Northwestern Univ.*, 595 U.S. 170 (2022) ....................7

*Hutchins v. HP Inc.*, 737 F. Supp. 3d 851 (N.D. Cal. 2024) ....................24, 26

*Hutchins v. HP Inc.*, 767 F. Supp. 3d 912 (N.D. Cal. 2025) ....................*passim*

*Hutchins v. HP Inc.*, No. 25-826 (9th Cir. July 9, 2025)....................31, 32

*Jacob v. RTX Corp.*, No. 1:25-cv-1389, 2026 U.S. Dist. LEXIS 12172 (E.D. Va. Jan. 22, 2026) ....................23

*Kopp v. Klein*, 894 F.3d 214 (5th Cir. 2018) ....................33

*Lapko v. United Wholesale Mort. LLC*, No. 2:25-cv-11216, 2026 U.S. Dist. LEXIS 215686 (E.D. Mich. Sept. 23, 2026)....................*passim*

*Lormand v. US Unwired, Inc.*, 565 F.3d 228 (5th Cir. 2009)....................6

*Matula v. Wells Fargo*, No. 24-3703, 2025 U.S. Dist. LEXIS 116060 (D. Minn. June 18, 2025)....................24

*McManus v. Clorox Co.*, No. 4:23-cv-5325-YGR, 2025 U.S. Dist. LEXIS 43765 (N.D. Cal. Mar. 3, 2025) ....................25

*McWashington v. Nordstrom, Inc.*, No. C24-1230 TSZ, 2025 U.S. Dist. LEXIS 118739 (W.D. Wash. June 23, 2025) ....................24

*Middleton v. Amentum Parent Holdings, LLC*, No. 23-CV-2456, 2025 U.S. Dist. LEXIS 150274 (D. Kan. Aug. 5, 2025) ....................14, 24

*Naylor v. BAE Sys., Inc.*, No. 1:24-cv-536, 2024 U.S. Dist. LEXIS 160188 (E.D. Va. Sept. 5, 2024) ....................24

*Nykiel v. Smith & Nephew, Inc.*, No. 24-12247, 2025 U.S. Dist. LEXIS 157974 (D. Mass. July 11, 2025) ....................24

*Perez v. Liberty Mut. Grp., Inc.*, No. 25-cv-8775-HSG, 2026 U.S. Dist. LEXIS 208826 (N.D. Cal. Sept. 15, 2026) ....................12, 13, 21, 22

*Perez-Cruet v. Qualcomm Inc.*, No. 23-cv-1890-BEN (MMP), 2024 U.S. Dist. LEXIS 93522 (S.D. Cal. May 24, 2024) ....................26

*Polanco v. WPP Grp. USA, Inc.*, No. 24-cv-9548 (JGK), 2025 U.S. Dist. LEXIS 210810 (S.D.N.Y. Oct. 24, 2025) ....................*passim*

*Rodriguez v. Intuit Inc.*, 744 F. Supp. 3d 935 (N.D. Cal. Feb. 5, 2025) ....................26

*Shulak v. BMO Fin. Corp.*, No. 25-cv-2232, 2026 U.S. Dist. LEXIS 67525 (N.D. Ill. Mar. 30, 2026) ....................23

*Sievert v. Knight-Swift Transp. Holdings, Inc.*, 780 F. Supp. 3d 870 (D. Ariz. 2025) ....................17, 24, 30

*Singh v. RadioShack Corp.*, 882 F.3d 137 (5th Cir. 2018) ....................34

*Stana v. SAS Inst., Inc.*, No. 26-1305 (4th Cir. July 24, 2026) ....................32

*Steen v. Sonoco*, No. 4:24-cv-3105-JD, 2025 U.S. Dist. LEXIS 164875 (D.S.C. June 4, 2025) ....................22, 24

*Stewart v. NextEra Energy, Inc.*, No. 23-81314-CIV-CANNON, 2025 U.S. Dist. LEXIS 219292 (S.D. Fla. Aug. 14, 2025) ....................26

*Tillery v. WakeMed Health*, No. 5:25-CV-408-D, 2026 U.S. Dist. LEXIS 36193 (E.D.N.C. Jan. 15, 2026) ....................22, 23, 26

*In re UnitedHealth ERISA 401K Litig.*, No 25-cv-1751, 2026 U.S. Dist. LEXIS 137236 (D. Minn. June 22, 2026) ....................25

*Ventura v. Lithia Motors, Inc.*, No. 2:26-cv-1786-HDV-RAO, 2026 U.S. Dist. LEXIS 201411 (C.D. Cal. Sept. 2, 2026) ....................................23, 30

*Wright v. JPM*, No. 2:25-cv-525-JLS-JC, 2025 U.S. Dist. LEXIS 115792 (C.D. Cal. June 13, 2025) ..................................................14, 24, 31, 32

*Wright v. JPMorgan Chase & Co.*, No. 25-4235 (9th Cir. Jan. 8, 2026) ..........................................................................................31, 32

**Statutes**

26 U.S.C. § 401(a)(2)..........................................................................................29

29 U.S.C. § 1104..........................................................................15, 17, 29

29 U.S.C. §§ 1109(a), 1132(a)(2) ..........................................................................32

**Other Authorities**

26 C.F.R. § 1.401-7..........................................................................................29

83 Fed. Reg. 34469, 34470 (July 20, 2018)..............................................................30

88 Fed. Reg. 12282-01, 12285.................................................................................30

Rev. Rul. 67-68, 1967-1 C.B. 86 ..........................................................................30

Rev. Rul. 71-313, 1971-2 C.B. 203 ......................................................................30

Rule 12(b)(6)..........................................................................................5, 6

Tax Reform Act of 1986. H.R. Rep. No. 99-841 (1986)........................................30

## JURISDICTIONAL STATEMENT

The district court had subject matter jurisdiction of Appellants' ERISA claims under 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331. This Court has jurisdiction of Appellants' appeal of the district court's order granting Defendants' motion to dismiss and entering final judgment under 28 U.S.C. § 1291.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. Whether the district court correctly dismissed Appellants' loyalty claim where the Plan permits forfeitures to be used for employer contributions *or* administrative expenses, both options satisfy ERISA's loyalty requirements, and Appellants received every promised benefit.

2. Whether the district court correctly dismissed the prudence claim where the Amended Complaint's process allegations are conclusory and its theory would effectively require fiduciaries to use forfeitures for administrative expenses.

3. Whether the district court correctly dismissed the derivative monitoring claim where the underlying fiduciary breach claims fail to state a claim.

## STATEMENT OF THE CASE

This is a putative ERISA class action brought by two participants in the Ochsner Clinic Foundation 401(k) Plan challenging how the Plan's fiduciaries allocated forfeited employer contributions. The Plan expressly permits forfeitures to be used either to reduce employer contributions or to pay the Plan's administrative expenses, and it does not prioritize one use over the other. ROA.1012, § 5.3. Appellants do not allege that they were denied benefits promised under the Plan, nor do they dispute that both uses are permitted by the Plan and by decades of federal guidance. They nonetheless contend that the Plan's fiduciaries breached ERISA's duties of loyalty and prudence by applying forfeitures to Ochsner's discretionary employer contributions rather than to administrative expenses. The district court dismissed Appellants' claims with prejudice holding that a fiduciary does not breach ERISA by choosing one of two Plan-authorized uses of forfeitures and that Appellants' process allegations would effectively impose a categorical rule the Plan and ERISA do not require. ROA.1777-90.

### I. THE OCHSNER CLINIC FOUNDATION 401(K) PLAN.

Ochsner Clinic Foundation ("Ochsner") is the philanthropic arm of Ochsner Health, a non-profit Louisiana health system. Ochsner sponsors the Ochsner Clinic Foundation 401(k) Plan ("Plan") to provide retirement benefits to eligible Ochsner employees. ROA.878, ¶ 20. Ochsner designs the Plan and drafts its terms in a non-

fiduciary, settlor capacity. ROA.1069-72, § 16. It determines what employer contributions and participant benefits the Plan will provide. ROA.1000-03, §§ 4.1(a), 4.2(a), 4.3; ROA.1104-09; ROA.1056, § 13.3. Ochsner also decides whether it or Plan participants will pay the Plan's administrative expenses. ROA.1056, § 13.3. The Plan is administered by the Ochsner Retirement Benefits Committee ("RBC"). ROA.1058, § 14.1.

Each participant has an individual Plan account funded by both participant and Ochsner contributions. ROA.887, ¶ 52. The Plan provides four types of employer contributions: Basic, Retirement, Matching, and Supplemental Retirement. ROA.1000-03, §§ 4.1(a), 4.2(a), 4.3; ROA.1104-09. The Plan also provides that all employer contributions are discretionary and not guaranteed for any Plan year. ROA.1000, § 4.1(a) ("Basic Contributions are *discretionary* employer profit sharing plan contributions under the Plan.") (emphasis added), ROA.1001, § 4.2(a) (same provision for Ochsner's Retirement contributions), ROA.1002, § 4.3(a) ("The Board of Directors, or the Retirement Benefits Committee if the Board of Directors delegates this task to the Retirement Benefits Committee with determination criteria, shall annually determine the amount of the Matching Contribution, *if any*, to be contributed for the Plan Year…") (emphasis added); ROA.1107 ("Supplemental Retirement Contributions are *discretionary* employer profit sharing plan contributions under the Plan and are subject to increase or

decrease (including zero) by determination of the Board of Directors or, if delegated, the Retirement Benefits Committee.") (emphasis added).

Ochsner retains the right to discontinue employer contributions *at any time*. ROA.1070-71, § 16.2(b). The Plan specifies that "[e]ach Participating Employer shall have the obligation to pay the contributions for its own employees and no other corporation shall have such obligation." ROA.1073, § 17.1.

Participants immediately vest in their own Plan contributions as well as Ochsner's discretionary Basic and Retirement Contributions, but Ochsner's Matching and Supplemental contributions are subject to a six-year vesting schedule. ROA.1011, § 5.1. Relevant here, when a participant takes a full distribution before becoming fully vested in Ochsner's contributions, the unvested amount is forfeited to the Plan. ROA.1012, § 5.3. The Plan grants the fiduciaries discretion to allocate these forfeitures toward employer contributions or "to pay administrative expenses of the Plan." *Id.*

## II. APPELLANTS' FORFEITURE CLAIMS AND THE DISTRICT COURTS' DISMISSALS.

Appellants' initial complaint alleged that Ochsner and the RBC violated ERISA's fiduciary duties of prudence and loyalty by allocating forfeitures exclusively towards employer contributions over the last six years. Appellants argued that Ochsner's discretionary employer contributions are "obligations" and that using forfeitures to "offset" that debt benefits Ochsner whereas allocating

forfeitures towards administrative expenses benefits participants. Ochsner and the RBC moved to dismiss these claims for failure to state a claim under Rule 12(b)(6) arguing the complaint misconstrued Ochsner's employer contributions and the Plan's discretion, and the abundance of forfeiture dismissals and decades of contrary federal regulations confirmed Appellants' theory was implausible. ROA.66-90.

The district court carefully analyzed forfeiture decisions from around the country (ROA.854-57), aligned with the majority, and dismissed the initial complaint with leave to amend. The district court held that "employer matching contributions are discretionary under the Plan" and found Appellants' claims failed to state a claim. ROA.853. In so holding, the district court distinguished *Bussian v. RJR Nabisco, Inc.*, 223 F.3d 286 (5th Cir. 2000), which Appellants relied on heavily in their opposition. ROA.858-59.

Appellants then filed the Amended Complaint, again alleging that the use of forfeitures for employer contributions breached ERISA's fiduciary duties of loyalty and prudence. ROA.878-921. The Amended Complaint added allegations that Ochsner declared its contribution levels before the RBC allocated the forfeitures and that the fiduciaries failed to undertake a reasoned and impartial decision-making process. ROA.898, 914. Ochsner and the RBC again moved to dismiss for failure to state a claim. ROA.924-53.

The district court dismissed the Amended Complaint with prejudice. ROA.1777-90. It reaffirmed that Ochsner's employer contributions are discretionary and rejected Appellants' reliance on Section 17.1 of the Plan to argue otherwise. ROA.1781-83.

The court dismissed the loyalty claim because the Plan permitted the challenged allocations and participants received their promised benefits. ROA.1783-84. It dismissed the prudence claim because Appellants sought to infer an imprudent process from the fiduciaries' choice to use forfeitures for employer contributions—an inference that would effectively create a categorical rule against that Plan-authorized use. ROA.1785-86. The court dismissed the monitoring claim as derivative. ROA.1789.

The court entered final judgment on March 25, 2026, and Appellants timely appealed. ROA.1791–92. Appellants challenge the dismissal of their loyalty, prudence, and monitoring claims, but not the dismissal of their untimely-allocation or prohibited-transaction claims. ECF No. 24 ("Appellants' Br."), p. 15 nn.2-3.

**STANDARD OF REVIEW**

This Court reviews *de novo* a district court's dismissal for failure to state a claim under Rule 12(b)(6). *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The complaint must allege facts supporting a reasonable inference of liability; conclusory allegations and merely possible misconduct do not suffice.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In ERISA fiduciary-breach cases, that inquiry requires "careful, context-sensitive scrutiny" of the allegations and "due regard to the range of reasonable judgments a fiduciary may make based on her experience and expertise." *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014); *Hughes v. Northwestern Univ.*, 595 U.S. 170, 177 (2022). Courts should use that scrutiny to screen out meritless claims before discovery. *Cunningham v. Cornell Univ.*, 604 U.S. 693, 708 (2025).

## SUMMARY OF THE ARGUMENT

The Plan expressly permits forfeitures to be used for either employer contributions or administrative expenses and does not prioritize one use over the other. Appellants concede that both uses are legally permissible. Despite this admission, Appellants attempt to recharacterize the forfeiture allocations as fiduciaries using forfeitures to satisfy Ochsner's "obligations" to make employer contributions. No such obligation exists, and the Plan's terms are unambiguous: employer contributions are discretionary, and forfeitures may be used to reduce them. As such, Appellants' claims, which depend on a flawed interpretation of the Plan, were rightfully dismissed.

Likewise, the contention that choosing a legally permitted use somehow establishes disloyalty is untenable. To the contrary, allocating forfeitures toward employer contributions provides benefits to participants – one of the two purposes

expressly identified in ERISA's duty of loyalty. Thus, the loyalty claim was rightfully dismissed.

As to Appellants' prudence claim, this claim must also fail because the Amended Complaint alleges no nonconclusory facts about how the fiduciaries evaluated the Plan's two permitted uses of forfeitures. The allegation that Plan fiduciaries coordinated with the recordkeeper to calculate the amount applied to employer contributions describes implementation, not deliberation, and suggests no flaw in the decision-making process.

Appellants otherwise ask the Court to infer a deficient process from the fiduciaries' repeated choice to use forfeitures for employer contributions; however, both the Plan's terms and ERISA itself expressly authorize that outcome. There can be no finding of imprudence when the Plan and the fiduciaries' decisions are aligned with the law. Although Appellants purport to disclaim a categorical rule, their theory would effectively require fiduciaries to always use forfeitures for administrative expenses. The district court correctly rejected this premise.

The district court's decision in this case joins the overwhelming weight of authority in other forfeiture cases—over forty dismissals of nearly identical forfeiture claims. This, combined with decades of guidance from the Treasury and IRS, and further reinforced by the Department of Labor's recent amicus briefs,

provides overwhelming support for the lawfulness of allocating forfeitures towards employer contributions. Appellants' theories simply cannot overcome this reality.

Finally, the Amended Complaint does not plausibly allege a loss to the Plan required for fiduciary breach claims under ERISA Section 502(a)(2). The forfeitures remained Plan assets and were credited to participants' accounts as employer contributions. Because no assets left the Plan, there was no loss to the Plan. For this independent reason, the Court correctly dismissed the Amended Complaint.

In sum, the issues before this Court are clear: the Plan's terms align with the law, the fiduciaries' allocation complied with Plan terms, and the district court rightfully dismissed Appellants' claims. Because the Amended Complaint fails to state a plausible claim for relief, the Court should affirm the district court's well-reasoned judgment dismissing it with prejudice.

## ARGUMENT

### I. THE PLAN'S TERMS DEFEAT APPELLANTS' FORFEITURE THEORY.

Appellants' theory cannot be reconciled with the Plan: Ochsner's employer contributions are discretionary, and the Plan expressly permits forfeitures to be used for those contributions or administrative expenses.

### A. The District Court Correctly Held Appellants Mischaracterize Ochsner's Discretionary Contributions as Fixed Obligations.

In unambiguous terms the Plan states that Ochsner's employer contributions are discretionary. ROA.1000, § 4.1(a) ("Basic Contributions are *discretionary*….") (emphasis added), ROA.1001, § 4.2(a) ("Retirement contributions are *discretionary*….") (emphasis added), ROA.1002, § 4.3(a) (determine Matching Contributions "*if any*") (emphasis added), ROA.1107 ("Supplemental Retirement Contributions are *discretionary*….") (emphasis added). The Plan also grants Ochsner the right to discontinue employer contributions *at any time*. ROA.1070-71, § 16.2(b).

Despite the Plan's terms, the Amended Complaint and Appellants' district court briefing repeatedly referred to Ochsner's employer contributions as "obligations." *See* ROA.876, 887, 900, 901, 903, 908-09, 914, 916; ROA.602-630; ROA.1428-58. The discretionary choice to make employer contributions does not create an obligation. In other words, allocating forfeitures as employer contributions does not reduce Ochsner's "obligations" because there is no obligation for Ochsner to make employer contributions in the first place. The district court understood this and correctly rejected Appellants' unsupported argument twice. ROA.853 ("employer matching contributions are discretionary under the Plan."); ROA.1781-82 ("Crucial to this holding was the fact that employer matching contributions are discretionary under the Plan.").

On appeal, Appellants continue to advance this legally flawed argument. Appellants' Br., pp. 1, 10, 12, 16, 23, 27, 41 n.9. They identify two supposed bases for such a cash-funding requirement: Section 17.1 and the allegation that Ochsner selected its contribution levels before the RBC allocated the forfeitures. Appellants' Br., pp. 18, 41 n.9. Neither alters the Plan's express authorization to use forfeitures to reduce Ochsner's contributions.

Appellants assert that Section 17.1 supports their characterization of Ochsner's contributions as "obligations." Appellants' Br., p. 41 n.9. Section 17.1 states that "[e]ach Participating Employer shall have the obligation to pay the contributions for its own employees and no other corporation shall have such obligation." ROA.1073, § 17.1. Read in context, the provision allocates responsibility among participating employers for contributions made for their respective employees; it does not require Ochsner to make contributions in any particular amount or to fund them exclusively with corporate assets. It therefore does not override the provisions making contribution amounts discretionary and permitting forfeitures to reduce them.[1] The district court correctly found that Appellants' contrary argument "misstates the language of the Plan." ROA.1782.

[1] Likewise, Appellants quote from the DOL Field Assistance Bulletin 2008-01 is inapplicable because it concerns "required contribution[s]." Appellants' Br., p. 41 n.9.

Appellants also argue that Ochsner's employer contributions are obligations because it "declared" its employer contributions before forfeiture allocations were made. Appellants' Br., pp. 18, 40-41. Accepting that sequence as true, declaring a contribution level does not determine the source from which the contribution must be funded. The Plan expressly permits forfeitures to reduce Ochsner's contributions, ROA.1012, § 5.3, and nothing in the Plan requires Ochsner to fund the declared amount entirely with corporate assets.

Finally, Appellants' allegation that Ochsner would have supplied the same amount from corporate assets under a different allocation describes what Ochsner might have chosen, not what the Plan required. The district court accordingly rejected the legal consequence Appellants draw from the alleged declaration, reasoning that the Plan did not require Ochsner to contribute the same amount, or at all, if the forfeitures were used for administrative expenses. ROA.1782-83; *see also Perez v. Liberty Mut. Grp., Inc.*, No. 25-cv-8775-HSG, 2026 U.S. Dist. LEXIS 208826, at *12-13 (N.D. Cal. Sept. 15, 2026) (dismissing forfeiture claims premised on a flawed interpretation of the plan document); *Lapko v. United Wholesale Mort. LLC*, No. 2:25-cv-11216, 2026 U.S. Dist. LEXIS 215686, *10 (E.D. Mich. Sept. 23, 2026) (same).

### B. The Plan Authorizes Both Uses of Forfeitures.

The Plan provides that forfeitures "shall be used to reduce [employer contributions] and/or to pay administrative expenses of the Plan." ROA.1012, § 5.3. It expresses no preference between those uses. Appellants concede that allocating forfeitures toward employer contributions is not a *per se* breach. Appellants' Br., p. 25. Nor does the Amended Complaint allege that Plan fiduciaries used forfeitures for a purpose the Plan prohibited.

Appellants argue that the district court treated this discretion as a shield from ERISA's fiduciary duties. Appellants' Br., pp. 16-17. It did not. The fiduciaries' decision remained subject to ERISA, but the Plan's terms establish that the fiduciaries chose between two authorized uses rather than diverting assets from a use the Plan required. Those facts do not end the fiduciary inquiry, but they are relevant to whether the Amended Complaint supports a plausible inference of breach. *See Perez*, 2026 U.S. Dist. LEXIS 208826, at *15 ("Because Plaintiff's allegations indicate that Defendants' use of forfeited employer contributions complied with the terms of the Plan, and Plaintiff does not allege that the Plan's terms were inconsistent with ERISA, he fails to state a claim for breach of fiduciary duty…."); *Lapko*, 2026 U.S. Dist. LEXIS 215686, at *10 ("ERISA does not transform the Plan's discretionary choice into a fiduciary breach merely because another permissible choice could have produced a greater economic benefit for

participants."); *see also Polanco v. WPP Grp. USA, Inc.*, No. 24-cv-9548 (JGK), 2025 U.S. Dist. LEXIS 210810, at *11 (S.D.N.Y. Oct. 24, 2025); *Armenta v. WillScot Mobile Mini Holdings Corp.* ("*Armenta II*"), No. CV-25-407-PHX-MTL, 2026 U.S. Dist. LEXIS 67099, at *5 (D. Ariz. Mar. 30, 2026); *Gaetano v. MVHS, Inc.*, No. 6:25-cv-118 (AJB/CBF), 2026 U.S. Dist. LEXIS 65524, at *30 (N.D.N.Y. Mar. 27, 2026); *Middleton v. Amentum Parent Holdings, LLC*, No. 23-CV-2456, 2025 U.S. Dist. LEXIS 150274, at *38 (D. Kan. Aug. 5, 2025); *Wright v. JPM*, No. 2:25-cv-525-JLS-JC, 2025 U.S. Dist. LEXIS 115792, at *13 (C.D. Cal. June 13, 2025); *Madrigal v. Kaiser Found. Health Plan*, Inc., No. 2:24-cv-5191, 2025 U.S. Dist. LEXIS 84971, at *11-13 (C.D. Cal. May 2, 2025); *Hutchins v. HP Inc.* ("*Hutchins II*"), 767 F. Supp. 3d 912, 922 (N.D. Cal. 2025); *Donelson v. Meijer, Inc.*, No. 1:25-cv-1156, 2025 U.S. Dist. LEXIS 266642, at *10 (W.D. Mich. Dec. 29, 2025).

In short, the existence of fiduciary duties does not make either option presumptively unlawful. Appellants still must allege facts supporting a reasonable inference that the fiduciaries made their choice disloyally or imprudently. As Section II explains, the Amended Complaint does not.

## II. THE AMENDED COMPLAINT DOES NOT PLAUSIBLY ALLEGE THAT OCHSNER AND THE RBC BREACHED THEIR DUTIES OF LOYALTY OR PRUDENCE.

### A. The Fiduciaries' Allocation Decision Does Not Support a Plausible Inference of Disloyalty.

ERISA's duty of loyalty requires fiduciaries to act for the exclusive purpose of "providing benefits to participants" and "defraying reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1)(A). Appellants focus on the second purpose, but the challenged allocations served the first: forfeitures funded discretionary employer contributions credited to participants' accounts. The relevant question is whether the Amended Complaint plausibly alleges that the fiduciaries selected that use to benefit Ochsner, not merely whether Ochsner benefited financially from the selection.

Alleging that participants would have been better off if forfeitures had paid administrative expenses does not support that inference. ERISA does not require fiduciaries to choose the option that maximizes participants' financial benefit, and the district court found that participants received every benefit the Plan promised. ROA.1781-84; *see, e.g.*, *Foley v. Legacy Health*, No. 3:25-cv-1041-AN, 2026 U.S Dist. LEXIS 223596, at *5 (D. Ore. Sept. 30, 2026); *Hendrickson v. Elevance Health Inc.*, No. 1:25-cv-1002-SEB-MG, 2026 U.S. Dist. LEXIS 166948, at *19 (S.D. Ind. July 28, 2026); *Armenta v. WillScot Mobile Mini Holdings Corp.* ("*Armenta I*"), No. 2:25-cv-407-MTL, 2025 U.S. Dist. LEXIS 179897, at *13 (D. Ariz. Sept. 15, 2025);

*Del Bosque v. Coca-Cola SW. Bevs. LLC*, No. 3:25-CV-1270-X, 2025 U.S. Dist. LEXIS 223294, at *9 (N.D. Tex. Nov. 13, 2025) (same); *Cano v. The Home Depot, Inc.*, No. 1:24-cv-3793-TRJ, 2025 U.S. Dist. LEXIS 176101, at *18 (N.D. Ga. Aug. 26, 2025) (same); *Polanco*, 2025 U.S. Dist. LEXIS 210810, at *25 (same).

Appellants are correct that the Plan's grant of discretion did not displace the fiduciaries' duty of loyalty. But the Amended Complaint must still allege facts supporting a reasonable inference that choosing to fund employer contributions with forfeitures was not loyal to Plan participants. The challenged allocations funded contributions credited to participants' accounts and therefore served § 1104(a)(1)(A)'s express purpose of "providing benefits to participants." The availability of another authorized use that allegedly would have left participants with more money does not support an inference of disloyalty. As the district court correctly held, ERISA does not require fiduciaries to maximize participants' benefits. ROA.1781-84.

Appellants allege that the RBC operated under a structural conflict because allocating forfeitures to employer contributions reduced Ochsner's cash outlay. Appellants' Br., p. 24. That economic benefit establishes that Ochsner had an interest in the allocation; it does not, without more, support a reasonable inference that the RBC chose the allocation for Ochsner's benefit. *See Foley*, 2026 U.S. Dist. LEXIS 223596, at *5 (dismissing a similar loyalty forfeiture claim because the

complaint lacked "any facts supporting their assertion that defendants were motivated by self-interest).

The Amended Complaint also alleges that the fiduciaries coordinated with the recordkeeper to calculate the forfeitures used to offset employer contributions. ROA.896-97. But calculating the available forfeitures describes the mechanics of implementing the decision, not the fiduciaries' reason for making it.

The remaining assertions that the fiduciaries acted solely for Ochsner's benefit[2] are conclusions drawn from the same economic effect and repeated allocation pattern, not facts about the fiduciaries' purpose. Those allegations do not plausibly support an inference that Plan fiduciaries acted disloyally. For these reasons, the Court should affirm the dismissal of the duty of loyalty claim for failure to state a claim.

### B. The Amended Complaint Does Not Plausibly Allege an Imprudent Decision-Making Process.

ERISA's duty of prudence requires fiduciaries to act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character with like aims." 29 U.S.C. § 1104(a)(1)(B). At the

[2] Appellants also ignore that participants are the ultimate beneficiaries of allocating forfeitures as employer contributions. *See, e.g.*, *Sievert v. Knight-Swift Transp. Holdings, Inc.*, 780 F. Supp. 3d 870, 880 (D. Ariz. 2025) (dismissing forfeiture claims and holding the employer's benefit of providing employer contributions is "incidental" compared to the participants who receive additional assets in their plan accounts).

pleading stage, the relevant question is whether the alleged circumstances support a reasonable inference that the fiduciary's decision-making process was flawed. ROA.1785.

Appellants contend that the district court overlooked their allegation that the Plan fiduciaries lacked a deliberative process. Appellants' Br., p. 15. Not so. The court expressly considered both the general allegation that the fiduciaries failed to undertake a reasoned and impartial decision-making process, and the circumstances Appellants claimed supported their imprudence claim. ROA.1785-86. It held those allegations do not permit an inference of imprudence because all participants received their promised benefits and there were no circumstances that distinguished this case from other plans permitting fiduciaries to apply forfeitures toward employer contributions. ROA.1786.

On appeal, Appellants attempt to give that general allegation more substance by identifying four supposed omissions: the fiduciaries did not weigh the advantages of the Plan's permitted uses, investigate whether Ochsner could fund its contributions, consider dividing the forfeitures between the two uses, or consult an independent fiduciary or adviser. Appellants' Br., pp. 26-27. But the cited paragraphs of the Amended Complaint do not allege that the fiduciaries omitted any of those steps. They allege only that the RBC coordinated with Ochsner and the recordkeeper to calculate the available forfeitures and then assert the conclusion that

the RBC and Ochsner "failed to undertake any reasoned and impartial decision-making process." ROA.896-97, 899-900, 914, ¶¶ 93-97, 104-110, 179. Recasting that conclusion as a list of asserted omissions does not supply the missing factual allegations.

The allegations concerning Ochsner's financial condition and the timing of its contribution decisions do not cure that deficiency. At most, they identify circumstances that Appellants believe should have produced a different allocation; they do not show what the fiduciaries considered or failed to consider. *See* ROA.896–900. Nor does *Bussian* establish that the fiduciaries were required to appoint an independent fiduciary. It states only that such an appointment may be necessary "[i]n some instances," not whenever a fiduciary decision financially benefits the plan sponsor. Appellants' Br., p. 26 (quoting *Bussian*, 223 F.3d at 299-300 & n.15).

Appellants also contend that "[t]he six year, 100% one-sided allocation pattern independently evidences a flawed process." Appellants' Br., p. 28. A repeated result may sometimes support an inference about process, but this pattern does not plausibly support that inference merely because the fiduciaries selected the same authorized option under circumstances Appellants characterize as materially unchanged. *Beroset v. Duke Univ.*, No. 1:25-cv-919, 2026 U.S. Dist. LEXIS 58140, at *6 (M.D.N.C. Mar. 16, 2026) (rejecting similar conclusory process arguments);

*Clark v. Centene Corp.*, No. 25-cv-9743-RFL, 2026 U.S. Dist. LEXIS 158365, at *6 (N.D. Cal. July 16, 2026) (same); *Hendrickson*, 2026 U.S. Dist. LEXIS 166948, at *15-16 (same); *Lapko*, 2026 U.S. Dist. LEXIS 215686, at *12. The fiduciaries' consistent selection of that option does not plausibly show that it failed to deliberate.

Appellants need not plead meeting minutes or details solely within the Ochsner's or the RBC's possession. Appellants' Br., pp. 28-29. But limited access permits reliance on circumstantial facts; it does not make every circumstantial allegation sufficient. The economic effect of the allocations and the fiduciaries' repeated selection of the same authorized option do not plausibly reveal a defect in its process. Treating those allegations as sufficient would make the repeated use of forfeitures for employer contributions presumptively imprudent. That is the categorical rule the district court rejected. ROA.1785-86; *see also Lapko*, 2026 U.S. Dist. LEXIS 215686, at *12-13.

Appellants disclaim a *per se* rule and suggest that financial distress might justify using forfeitures for employer contributions. Appellants' Br., p. 12. But their own allegations reveal the categorical effect of their theory. The Amended Complaint alleges that participants are "always mathematically better off" when forfeitures pay administrative expenses, and that "no plausible or conceivable set of facts or circumstances here that would support" the fiduciaries' choice. ROA.892, 894-95, ¶¶ 76, 86-87; *see also* ROA.900 ¶ 111; ROA.903, ¶ 124.

Under that theory, whenever a financially sound sponsor faces no risk of default, selecting employer contributions would itself support an inference of imprudence, regardless of the fiduciary's actual process. The district court correctly rejected that presumption as inconsistent with ERISA's context-specific inquiry. ROA.1786; *see also Hutchins II*, 767 F. Supp. 3d at 926; *Clark*, 2026 U.S. Dist. LEXIS 158365, at *6 (holding similar forfeiture allegations would improperly impose a *per se* rule); *Foley*, 2026 U.S. Dist. LEXIS 223596, at *3-6; *Dimou v. Thermo Fisher Sci. Inc.* ("*Dimou II*"), No. 23-cv-1732, 2025 U.S. Dist. LEXIS 178980, at *19-20 (S.D. Cal. Sept. 9, 2025); *Del Bosque*, 2025 U.S. Dist. LEXIS 223294, at *10. *Lapko*, 2026 U.S. Dist. LEXIS 215686, at *8-10; *Hernandez v. AT&T Servs., Inc.*, No. 2:25-cv-676-ODW (PVCx), 2025 U.S. Dist. LEXIS 225867, at *9 (C.D. Cal. Nov. 14, 2025).

Courts addressing materially similar process allegations have likewise held that the repeated allocation of forfeitures toward employer contributions does not plausibly support an inference of imprudence. *See, e.g., Hendrickson*, 2026 U.S. Dist. LEXIS 166948, at *17 ("Where, as here, [p]lan participants received all of their promised benefits and then some, the mere fact that [d]efendants had the financial resources to pay even more… but chose not to do so is not sufficient to invite the inference that the fiduciary actually engaged in imprudent conduct.") (internal citations omitted); *Lapko*, 2026 U.S. Dist. LEXIS 215686, at *12-13; *Perez*, 2026

U.S. Dist. LEXIS 208826, at *14-15; *Tillery v. WakeMed Health*, No. 5:25-CV-408-D, 2026 U.S. Dist. LEXIS 36193, at *16 (E.D.N.C. Jan. 15, 2026); *Armenta II*, 2026 U.S. Dist. LEXIS 67099, at *5; *Gaetano*, 2026 U.S. Dist. LEXIS 65524, at *37-38; *Brown v. Peco Foods, Inc.*, No. 3:25-cv-491-TSL-RPM, 2025 U.S. Dist. LEXIS 228085, at *19 (S.D. Miss. Nov. 14, 2025); *Hutchins II*, 767 F. Supp. 3d at 926; *Polanco*, 2025 U.S. Dist. LEXIS 210810, at *22; *Garner v. Northrop Grumman Corp.*, No. 1:25-cv-439 (AJT/WEF), 2025 U.S. Dist. LEXIS 251611, at *11 (E.D. Va. Dec. 4, 2025); *Cain v. Siemens Corp.*, No. 24-8730, 2025 U.S. Dist. LEXIS 147011, at *11 (D.N.J. July 31, 2025); *Steen v. Sonoco*, No. 4:24-cv-3105-JD, 2025 U.S. Dist. LEXIS 164875, at *13-14 (D.S.C. June 4, 2025); *Donelson*, 2025 U.S. Dist. LEXIS 266642, at *13-14; *Clark*, 2026 U.S. Dist. LEXIS 158365, at *6.

Because the Amended Complaint does not plausibly allege a defect in the fiduciaries' decision-making process, this Court should affirm the dismissal of the prudence claim.

## III. THE WEIGHT OF AUTHORITY SUPPORTS AFFIRMANCE.

### A. Courts Dismissing Similar Claims Have Applied Consistent Reasoning Applicable Here.

Together with the decisions discussed above, forty-three district court decisions have rejected materially similar forfeiture claims. *Foley*, 2026 U.S. Dist. LEXIS 223596; *Lapko*, 2026 U.S. Dist. LEXIS 215686; *Perez*, 2026 U.S. Dist. LEXIS 208826; *Dean v. Huntington Ingalls Industries, Inc.*, No. 4:25-cv-124-AWA-

DEM, ECF No. 45 (E.D. Va. Sept. 21, 2026); *Ventura v. Lithia Motors, Inc.*, No. 2:26-cv-1786-HDV-RAO, 2026 U.S. Dist. LEXIS 201411 (C.D. Cal. Sept. 2, 2026); *Hendrickson*, 2026 U.S. Dist. LEXIS 166948; *Thomas v. Acosta, Inc.*, No. 3:26-cv-110-HES-PDB, ECF No. 45 (M.D. Fla. Aug. 19, 2026); *Clark*, 2026 U.S. Dist. LEXIS 158365; *Shulak v. BMO Fin. Corp.*, No. 25-cv-2232, 2026 U.S. Dist. LEXIS 67525 (N.D. Ill. Mar. 30, 2026); *Armenta II*, 2026 U.S. Dist. LEXIS 67099; *Gaetano*, 2026 U.S. Dist. LEXIS 65524; *Beroset*, 2026 U.S. Dist. LEXIS 58140; *Enstrom v. SAS Inst. Inc.*, No. 5:24-CV-105-D, 2026 U.S. Dist. LEXIS 35036 (E.D.N.C. Feb. 12, 2026); *Jacob v. RTX Corp.*, No. 1:25-cv-1389 (LMB/WBP), 2026 U.S. Dist. LEXIS 12172 (E.D. Va. Jan. 22, 2026); *Curtis v. Amazon.com Servs., LLC*, No. C24-2164RSM, 2026 U.S. Dist. LEXIS 9156 (W.D. Wash. Jan. 16, 2026); *Tillery*, 2026 U.S. Dist. LEXIS 36193; *Donelson*, 2025 U.S. Dist. LEXIS 266642; *Brewer v. Alliance Coal, LLC*, No. 24-CV-406, 2025 U.S. Dist. LEXIS 254245 (N.D. Okla. Dec. 9, 2025); *Garner*, 2025 U.S. Dist. LEXIS 251611; *Hernandez*, 2025 U.S. Dist. LEXIS 225867; *Brown*, 2025 U.S. Dist. LEXIS 228085; *Del Bosque*, 2025 U.S. Dist. LEXIS 223294; *Polanco*, 2025 U.S. Dist. LEXIS 210810; *Armenta I*, 2025 U.S. Dist. LEXIS 179897; *Dimou II*, 2025 U.S. Dist. LEXIS 178980; *Cano*, 2025 U.S. Dist. LEXIS 176101; *Fumich v. Novo Nordisk Inc.*, No. 24-9158 (ZNQ) (JBD), 2025 U.S. Dist. LEXIS 160501 (D.N.J. Aug. 19, 2025); *Barragan v. Honeywell Int'l*, No. 24-cv-4529 (EP) (JRA), 2025 U.S. Dist. LEXIS 159986 (D.N.J. Aug. 18, 2025);

*Nykiel v. Smith & Nephew, Inc.*, No. 24-12247, 2025 U.S. Dist. LEXIS 157974 (D. Mass. July 11, 2025), *adopted by* 2025 U.S. Dist. LEXIS 156996 (D. Mass. Aug. 13, 2025); *Middleton*, 2025 U.S. Dist. LEXIS 150274; *Cain*, 2025 U.S. Dist. LEXIS 147011; *McWashington v. Nordstrom, Inc.*, No. C24-1230 TSZ, 2025 U.S. Dist. LEXIS 118739 (W.D. Wash. June 23, 2025); *Matula v. Wells Fargo*, No. 24-3703 (JRT/DJF), 2025 U.S. Dist. LEXIS 116060 (D. Minn. June 18, 2025); *Wright v. JPM*, 2025 U.S. Dist. LEXIS 115792; *Steen*, 2025 U.S. Dist. LEXIS 164875; *Bozzini v. Ferguson Enters. LLC*, No. 22-cv-5667-AMO, 2025 U.S. Dist. LEXIS 102524 (N.D. Cal. May 29, 2025); *Madrigal*, 2025 U.S. Dist. LEXIS 84971; *Sievert*, 780 F. Supp. 3d 870; *Hutchins II*, 767 F. Supp. 3d 912; *Barragan v. Honeywell Int'l*, No. 24-cv-4529 (EP) (JRA), 2024 U.S. Dist. LEXIS 230056 (D.N.J. Dec. 19, 2024); *Dimou v. Thermo Fisher Sci. Inc.*, No. 23-CV-1732 TWR (JLB), 2024 U.S. Dist. LEXIS 188394 (S.D. Cal. Sept. 19, 2024); *Naylor v. BAE Sys., Inc.*, No. 1:24-cv-536 (AJT/WEF), 2024 U.S. Dist. LEXIS 160188 (E.D. Va. Sept. 5, 2024); *Hutchins v. HP Inc.* ("*Hutchins I*"), 737 F. Supp. 3d 851 (N.D. Cal. 2024).

Appellants try to sidestep this mountain of authority by arguing "[t]his case should not be decided by head-counting district court decisions from around the country." Appellants' Br., p. 32. But the significance of forty-three dismissals is not merely their number, it is the uniformity of their reasoning. Each court rejected the inference at the core of Appellants' theory: that choosing a Plan-authorized use of

forfeitures for employer contributions rather than administrative expenses establishes a fiduciary breach. That the overwhelming majority of courts applying ERISA's standards to similar facts all reached the same result is powerful evidence that the district court's dismissal here is correct.

Simply put, Appellants do not articulate a reason to depart from the district court or the weight of authority dismissing similar forfeiture claims. This Court should affirm dismissal for failure to state a claim under the same reasoning adopted by district courts around the country.

### B. Appellants' Authorities Do Not Support Reversal.

#### 1. Appellants' forfeiture decisions involve materially different plans or allegations.

Appellants ask this Court to ignore the overwhelming majority of decisions dismissing similar claims in favor of a handful of district court decisions that denied motions to dismiss. Appellants' Br., p. 32 n.7. But each of those decisions is factually distinguishable or otherwise unpersuasive.

The district court already explained that *McManus v. Clorox Co.*, No. 4:23-cv-5325-YGR, 2025 U.S. Dist. LEXIS 43765 (N.D. Cal. Mar. 3, 2025) is distinguishable because it involved a plan with mandatory employer contributions.[3]

[3] While not specifically addressed in the district court's footnote, *Buescher v. N. Am. Lighting, Inc.*, 791 F. Supp. 3d 873 (C.D. Ill. 2025) and *In re UnitedHealth ERISA 401K Litig.*, No 25-cv-1751 (ECT/ECW), 2026 U.S. Dist. LEXIS 137236, at *4 (D. Minn. June 22, 2026) also involved plans with mandatory employer contributions.

ROA.1784 at n.23. The district court further held that *Stewart v. NextEra Energy, Inc.*, No. 23-81314-CIV-CANNON, 2025 U.S. Dist. LEXIS 219292 (S.D. Fla. Aug. 14, 2025); *Rodriguez v. Intuit Inc.*, 744 F. Supp. 3d 935 (N.D. Cal. Feb. 5, 2025); *Heet v. Nat'l Med. Care, Inc.*, 819 F. Supp. 3d 63 (D. Mass. 2026); and *Gardner-Keegan v. W.W. Grainger, Inc.*, No. 1:25-cv-5233, 2026 U.S. Dist. LEXIS 13772 (N.D. Ill. Jan. 26, 2026) were all distinguishable because they involved allegations that the fiduciaries did not allocate forfeitures according to the plan's directives.[4] *Id.*

*Perez-Cruet v. Qualcomm Inc.*, No. 23-cv-1890-BEN (MMP), 2024 U.S. Dist. LEXIS 93522 (S.D. Cal. May 24, 2024) also provides no persuasive basis for reversal. *Hutchins I* considered that decision and declined to follow it, explaining that its loyalty-and-prudence analysis was "conclusory" and failed to address many of the defendants' arguments. 737 F. Supp. 3d at 862 n.1.

Appellants identify no decision sustaining a forfeiture claim involving a plan that, like Ochsner's, makes employer contributions discretionary and expressly authorizes forfeitures to fund them. Their authorities therefore provide no basis for reversal.[5]

---

[4] Likewise, the *Becerra v. Bank of Am. Corp.*, No. 3:24-cv-921-MOC-DCK, 2025 U.S. Dist. LEXIS 157154, at *9 (W.D.N.C. Aug. 12, 2025) decision hinged on distinguishable plan language that permitted forfeiture allocations for all "reasonable expenses of the Plan" and was not limited to administrative expenses like Ochsner's Plan.

[5] Courts addressing forfeiture claims under plans that, like Ochsner's, make employer contributions discretionary have uniformly dismissed those claims. *Polanco*, 2025 U.S. Dist. LEXIS 210810, at *11-12; *Tillery*, 2026 U.S. Dist. LEXIS 36193, at *12; *Gaetano*, 2026 U.S. Dist. LEXIS 65524, at *32 (same); *Thomas*, ECF No. 45.

**2. Excessive-fee decisions do not support appellants' forfeiture theory.**

Appellants invoke decisions involving excessive recordkeeping fees, imprudent share-class selection, and the failure to remove imprudent investments to argue that receiving promised benefits does not defeat a fiduciary-breach claim. Appellants' Br., pp. 38-39. Appellees do not dispute that general proposition, and the district court did not hold otherwise. It considered participants' receipt of promised benefits together with the Plan's authorization of the challenged allocations and the absence of facts plausibly showing a disloyal purpose or flawed process.

The cited cases involved allegations that fiduciaries caused plans to pay unreasonable fees, selected unnecessarily costly investments, or retained imprudent investments. Here, the forfeitures remained in the Plan and funded contributions credited to participants' accounts. Appellants' fee and investment authorities therefore do not undermine the district court's case-specific analysis.

**3. The District Court correctly held that *Bussian* is factually distinguishable.**

Appellants treat *Bussian v. RJR Nabisco*, 223 F.3d 286 (5th Cir. 2000) as the centerpiece of their appeal, but the district court already explained why that decision does not apply here. In dismissing the original complaint, the court found *Bussian* "easily distinguishable" because participants there had not received their promised

benefits, whereas Appellants do not allege that they were denied any benefit promised by the Plan. ROA.859; *Bussian*, 223 F.3d at 293.

*Bussian* also involved concrete evidence of a fiduciary breach absent here. There, a developed summary-judgment record showed that defendant selected Executive Life, the annuity provider with the lowest bid, despite warning signs concerning its unusually risky investment portfolio and evidence of an inadequate investigation. *Id.* at 292-93. Because the lower annuity price increased the amount of assets defendant stood to obtain after the plan's termination, the Fifth Circuit held that a factfinder could conclude that defendant placed its financial interest ahead of participants' interests. *Id.* at 303-07. Further, the harm from that flawed decision-making process was realized when some participants did not receive the full benefits they were entitled to under the plan. *Id.* at 293.

Here, the Amended Complaint identifies no comparable objective facts suggesting a flawed or disloyal decision-making process. Appellants point only to the reduction in Ochsner's contribution expense that necessarily follows when forfeitures fund employer contributions. That inherent consequence of the Plan-authorized option is not comparable to the warning signs and participant risk that drove *Bussian*'s result.

## IV. DECADES OF FEDERAL GUIDANCE PERMITTING FORFEITURES TO FUND EMPLOYER CONTRIBUTIONS UNDERCUT APPELLANTS' THEORY.

Federal guidance has long recognized that plans may use forfeitures to fund employer contributions. More recently, the DOL has argued that choosing that permitted use rather than paying administrative expenses does not plausibly establish disloyalty or imprudence. Together, these authorities undermine the inference on which Appellants' claims depend.

### A. Federal Tax Law Has Long Permitted Forfeitures to Fund Employer Contributions.

The Ochsner Plan was drafted and implemented with the goal of complying with ERISA and the United States Tax Code. ROA.964. ERISA and the United States Tax Code are inextricably linked. For example, the Tax Code includes a corollary to ERISA's fiduciary duty of loyalty which states that plan assets may not be "used for, or diverted to, purposes other than the exclusive[] benefit of" participants and beneficiaries. 26 U.S.C. § 401(a)(2); *see also* 29 U.S.C. § 1104 (ERISA's fiduciary duty of loyalty including similar criteria).

Appellants correctly observe that tax qualification and ERISA fiduciary compliance are distinct inquiries. Appellants' Br., p. 44. Appellees do not argue otherwise. The tax authorities matter for a narrower reason: they have long treated funding employer contributions as a recognized use of forfeitures and do not rank payment of administrative expenses above it. 2020 IRM 7.12.1.9; 26 C.F.R. § 1.401-

7; Rev. Rul. 71-313, 1971-2 C.B. 203; Rev. Rul. 67-68, 1967-1 C.B. 86. That regulatory context bears on whether choosing one permitted use over another plausibly supports an inference of fiduciary breach.

Subsequent Treasury regulations provide the same guidance. 83 Fed. Reg. 34469, 34470 (July 20, 2018) ("permitting forfeitures of prior contributions to be used" for qualified matching contributions and qualified non-elective contributions); 88 Fed. Reg. 12282-01, 12285 (proposed Feb. 2, 2023) (proposed regulation requiring defined contribution plans to state that forfeitures 'will be used' for one or more of three lawful purposes, including 'to reduce employer contributions under the plan.'). Congress also formalized its approval of allocating forfeitures towards employer contributions in the Tax Reform Act of 1986. H.R. Rep. No. 99-841, at II-442 (1986).

In short, the tax authorities weaken Appellants' effort to infer disloyalty or imprudence from the financial benefit to Ochsner. And numerous courts considering similar forfeiture claims agree that given the decades of contrary regulatory guidance Appellants' theory is implausible and fails to state a claim. *Foley*, 2026 U.S. Dist. LEXIS 223596, at *7; *Ventura*, 2026 U.S. Dist. LEXIS 201411, at *13; *Cano*, 2025 U.S. Dist. LEXIS 176101, at *14-16; *Gaetano*, 2026 U.S. Dist. LEXIS 65524, at *35; *Hutchins II*, 767 F. Supp. 3d at 923; *Dimou II*, 2025 U.S. Dist. LEXIS 178980, at *17-18; *Madrigal*, 2025 U.S. Dist. LEXIS 84971, at *10; *Sievert*, 780 F. Supp. 3d

at 878; *Wright v. JPM*, 2025 U.S. Dist. LEXIS 115792, at *14; *Armenta I*, 2025 U.S. Dist. LEXIS 179897, at *12; *Polanco*, 2025 U.S. Dist. LEXIS 210810, at *15; *Cain*, 2025 U.S. Dist. LEXIS 147011, at *11; *Hernandez*, 2025 U.S. Dist. LEXIS 225867, at *8; *Donelson*, 2025 U.S. Dist. LEXIS 266642, at *14.

Appellants ask this Court to find the abundance of regulatory guidance irrelevant because it only states that forfeitures *may* be used for employer contributions. Appellants' Br., p. 43. But if allocating forfeitures toward employer contributions were a fiduciary breach, then decades of federal guidance would have been authorizing unlawful conduct. The guidance treats funding employer contributions as an accepted use of forfeitures, does not rank payment of administrative expenses above it, and does not limit contribution offsets to sponsors in financial distress. The corresponding benefit to the sponsor exists whenever that option is used; it therefore does not distinguish a disloyal allocation from a loyal one.

**B. The DOL Agrees That Choosing to Fund Employer Contributions with Plan Forfeitures Does Not Establish Disloyalty or Imprudence.**

The DOL has now urged affirmance in five appeals asserting the same basic forfeiture theory. *Hutchins v. HP Inc.*, No. 25-826, ECF No. 24.1 (9th Cir. July 9, 2025); *Barragan v. Honeywell Int'l Inc.*, No. 25-2609, ECF No. 42 (3d Cir. Jan. 30, 2026); *Cain v. Siemens Corp.*, No. 25-2564, ECF No. 42 (3d Cir. Jan. 23, 2026); *Wright v. JPMorgan Chase & Co.*, No. 25-4235, ECF No. 41.1 (9th Cir. Jan. 8,

2026); *Stana v. SAS Inst., Inc.*, No. 26-1305, ECF No. 22-1 (4th Cir. July 24, 2026). Across those briefs, the DOL has rejected claims resting on the employer's financial benefit, a potential conflict, and conclusory allegations of a deficient decision-making process. *See, e.g.*, *Hutchins*, ECF No. 24.1, pp. 16-17; *Wright*, ECF No. 41.1, pp. 8, 15.

Appellants attempt to distinguish *Wright* as addressing a categorical theory. Appellants' Br., p. 45. But the DOL's analysis did not depend on that characterization. It assumed that the plan permitted forfeitures to pay expenses charged to participants' accounts and still concluded that allegations that the alternative allocation was imprudent and favored the employer did not state a plausible claim. *Wright*, ECF No. 41.1, p. 8. The DOL explained that the complaint lacked a factual basis from which improper conduct could reasonably be inferred. *Id.*; *see also Barragan*, ECF No. 42, pp. 3-4 (arguing the same); *Cain*, No. 25-2564, ECF No. 42, p. 8 (arguing the same). Appellants identify no meaningful distinction between those allegations and their own. As such, the DOL's position further undermines the Appellants' forfeiture theory, and supports affirmance here.

## V. APPELLANTS DO NOT PLAUSIBLY ALLEGE A LOSS TO THE PLAN UNDER § 502(a)(2).

Section 502(a)(2) authorizes relief under § 409, which makes a breaching fiduciary liable for "losses to the plan resulting from" the breach. 29 U.S.C. §§ 1109(a), 1132(a)(2). Even if a fiduciary's process was deficient, a plaintiff seeking

restoration of plan losses must plausibly allege that an alternative course of action would have prevented the asserted loss. *Kopp v. Klein*, 894 F.3d 214, 221 (5th Cir. 2018). Although the district court did not discuss the issue, Appellants' failure to plead a loss to the Plan provides an independent basis for affirmance. *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 804 (5th Cir. 1997).

The challenged forfeiture allocations did not remove any assets from the Plan. The forfeitures were already Plan assets and remained in the Plan when they were credited to participants' accounts as employer contributions. ROA.1788. The allocations themselves therefore did not reduce the Plan's total assets.

Appellants instead allege that the Plan would have held more assets because Ochsner would have contributed the same amounts from corporate assets if the fiduciaries had used the forfeitures for administrative expenses. Appellants' Br., pp. 30-31. That theory depends on plausibly alleging that Ochsner would have contributed additional corporate assets under the hypothetical allocation. As Section I.A explains, the Plan makes Ochsner's contributions discretionary and expressly permits forfeitures to reduce them. Ochsner's financial ability to contribute more shows only that it could have done so, not that it would have done so, and selecting a contribution level did not require Ochsner to fund that amount solely with corporate assets.

Because the Amended Complaint does not plausibly allege that Ochsner would have contributed additional corporate assets under a different allocation, it does not plausibly allege a loss recoverable under § 502(a)(2). That failure provides an additional ground to affirm the dismissal of Appellants' claim for restoration of Plan losses.[6]

## VI. THE COURT SHOULD ALSO AFFIRM DISMISSAL OF APPELLANTS' DERIVATIVE MONITORING CLAIM.

Appellants do not dispute that their monitoring claim is derivative of the Amended Complaint's fiduciary breach claims. Appellants' Br., p. 47. Accordingly, this Court should affirm the dismissal of that claim alongside the flawed fiduciary breach claims. *Singh v. RadioShack Corp.*, 882 F.3d 137, 150 (5th Cir. 2018).

## CONCLUSION

For these reasons, the Court should affirm the judgment dismissing the Amended Complaint with prejudice.

*/s/ René E. Thorne*
René E. Thorne
Stacey C.S. Cerrone
Adam R. Carlisle
**JACKSON LEWIS P.C.**
601 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759
Rene.Thorne@jacksonlewis.com

[6] Appellants also invoke § 502(a)(3), which does not require a Plan loss. Appellants' Br., p. 31. That argument nevertheless fail because, for the reasons explained in Sections I and II, the Amended Complaint does not plausibly allege an underlying fiduciary breach.

Stacey.Cerrone@jacksonlewis.com
Adam.Carlisle@jacksonlewis.com

***Counsel for Defendants-Appellees***

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS AND TYPE-STYLE REQUIREMENTS**

I certify that the foregoing brief of Defendants-Appellees complies with the typeface and type-volume limitations of the Federal Rules of Appellate Procedure and Fifth Circuit Rules 32.1 and 32.2. Exclusive of the portions exempted by Federal Rule of Appellate Procedure 32(f) this brief contains 7,307 words in a proportionally spaced typeface. This brief has been prepared in a proportionally spaced serif typeface using Times New Roman 14-point font produced by Microsoft Word in compliance with the typeface requirements of the Federal Rules of Appellate Procedure and Fifth Circuit Rule 32.1.

*/s/ René E. Thorne*

## CERTIFICATE OF SERVICE

I certify that on October 13, 2026 the foregoing Brief for Defendants-Appellees was filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the CM/ECF system. All participants in the case are registered CM/ECF users and will be served through that system.

*/s/ René E. Thorne*